UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RODNEY DARNELL PETERSON, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:24-cv-402 |
| v. ) | |
| ) | Judge Atchley |
| INVESTIGATOR K. STILLWAGON, ) | |
| ) | Magistrate Judge Dumitru |
| *Defendant*. ) | |

# ORDER

On April 7, 2025, United States Magistrate Judge Mike Dumitru filed a Report and Recommendation [Doc. 10] pursuant to 28 U.S.C. § 636 and the Rules of this Court. Magistrate Judge Dumitru screened the Complaint pursuant to 28 U.S.C. § 1915 and recommends that Plaintiff's claims for injunctive relief be dismissed. [*Id.* at 10]. Further, Magistrate Judge Dumitru recommends that Plaintiff's claims for monetary damages proceed past the screening stage and that the case be stayed based on *Younger* and pending resolution of Plaintiff's ongoing federal criminal case. [*Id.*].

Plaintiff has not filed an objection to the Report and Recommendation, and the time to do so has now passed.[1] The Court has nonetheless reviewed the Report and Recommendation, as well as the record, and agrees with Magistrate Judge Dumitru's conclusions. Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Dumitru's findings of fact and conclusions of law as set forth in the Report and Recommendation. [Doc. 10]. The Court's rulings are set forth below.

---

[1] Magistrate Judge Dumitru advised Plaintiff that he had fourteen days in which to object to the Report and Recommendation and that failure to do so would waive any right to appeal. [Doc. 10 at 10 n.5]; *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

- Plaintiff's claims for injunctive and declaratory relief are **DISMISSED WITHOUT PREJUDICE**.

- Plaintiff's claims for monetary damages may proceed past the screening stage. However, this matter will be **STAYED** and **ADMINISTRATIVELY CLOSED** pending resolution of Plaintiff's ongoing federal criminal case, *United States v. Peterson*, No. 2:24-cr-78 (E.D. Tenn. July 22, 2024).[2] Plaintiff may file a motion to reopen the case after his federal criminal case concludes.

- To ensure the Court remains apprised of the status of Plaintiff's federal criminal case, Plaintiff is **ORDERED** to file a status report within **60 days** of the entry of this order, and every **60 days** thereafter, advising as to the status of his federal criminal case. In the status report, Plaintiff shall indicate whether he has entered a plea and/or been sentenced, including the date of his sentencing if applicable. The status report shall also indicate whether Plaintiff has appealed his conviction, if any, in federal court. Plaintiff is placed **ON NOTICE** that any failure to comply with the terms of this order may result in dismissal of his case for failure to prosecute.

SO ORDERED.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2] An administrative closure is effectively identical to a stay of the case from a litigant's perspective. This is so because an administrative closure is for administrative purposes only – it does not constitute a final decision on the merits, or indeed any substantive decision at all. Rather, "[a]dministrative closures are a tool of docket management." *Rodriguez v. Hirschberg Acceptance Cor.*, 62 F. 4th 270, 274 (6th Cir. 2023). They allow courts to remove cases from their active files without making any final adjudication. *Id.* (quoting *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004)). "The closing has no effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.* (cleaned up, citation omitted).